**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KELLY KEARNEY,

                 Plaintiff,                                    Case No.: 3:13-CV-021

   vs.

COMMISSIONER OF                             District Judge Thomas M. Rose
SOCIAL SECURITY,                     Magistrate Judge Michael J. Newman

                Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S
NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL
EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

      This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled, and therefore unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 12), Plaintiff's Reply (doc. 13), the administrative record (doc. 5), and the record as a whole.[2]  On appeal, Plaintiff argues the ALJ erred by failing to: (1) adopt the findings of the previous ALJ; and (2) follow the Appeals Council's Remand Order.  Doc. 8 at PageID 1301.  For the reasons that follow, the Court finds Plaintiff's arguments unavailing.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number. Additionally, Plaintiff's pertinent medical records have been adequately summarized in her Statement of Errors and the administrative decision, *see* doc. 8 at PageID 1307-09; PageID 43-45, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

# I.

### A. Plaintiff's 2003 and 2007 DIB Applications

The detailed procedural history of this case is important to its outcome and warrants repeating.  Following an ankle injury, Plaintiff filed an application for DIB on April 15, 2003, alleging a disability onset date of March 10, 2003.  PageID 317-19.  This application was denied on June 26, 2003, and Plaintiff did not request reconsideration.  PageID 389.

Plaintiff filed a second application for DIB on June 8, 2007.  PageID 248-62.  She asserted that she had been under a disability since January 18, 2001, owing to a right foot impairment, ankle injury, and recent cancer diagnosis.  *Id*.  Following initial administrative denials of this application, Plaintiff received a hearing before ALJ Janice Bruning on January 20, 2010.  PageID 61-83.

Two days prior to the hearing, Plaintiff's counsel submitted a pre-hearing memorandum requesting "that the previous application [decided on June 26, 2003] be re-opened pursuant to 20 C.F.R. §§ 404.988 and 404.989 based on new and material evidence related to [Plaintiff's] ankle injury that was not considered in the initial denial."  PageID 389-91.  20 C.F.R. § 404.988(b) provides, in relevant part, that a disability determination may be "reopened within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case."  Good cause for reopening a case exists if: "(1) new and material evidence is furnished; (2) a clerical error in the computation or recomputation of benefits was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made."  20 C.F.R. § 404.989(a).  On April 8, 2010, ALJ Bruning issued a partially favorable decision, finding that Plaintiff was entitled to a closed period of disability

benefits, from January 18, 2001 through October 31, 2005, but not thereafter. PageID 104-17. In her decision, ALJ Bruning did not address whether or not there was "good cause" to reopen the 2003 denial. *Id.*

### B. Appeals Council Proceedings

In April 2010, the Office of Central Operations issued a memorandum to the Office of Disability Adjudication and Review. PageID 184-85. This memorandum informed the Commissioner that the closed period of benefits awarded in ALJ Bruning's decision could not be paid to Plaintiff. *Id.* The Office of Central Operations advised that its review of the case indicated that the prior claim (filed in April 2003) was denied, and no appeal was made. PageID 185. As such, the Office determined that "it does not appear that reopening of the determination is possible based on Administrative Finality . . . . Since an application was not filed less than twelve months from the ending date of the period of disability, no benefits are payable." *Id.* The Office, therefore, suggested to the Commissioner that ALJ Bruning's decision "be reopened" and the Commissioner deny Plaintiff the award of benefits. *Id.*

This issue reached the Appeals Council, which advised Plaintiff that it intended to reopen her case and review ALJ Bruning's partially favorable decision based on information provided by the Office of Central Operations. PageID 184-85. On July 9, 2010, the Appeals Council rendered its decision, finding that because Plaintiff's request for reopening was not considered in ALJ Bruning's decision, due process dictated that the decision should be vacated and remanded for further analysis. PageID 130. The Appeals Council did not affirm ALJ Bruning's decision in whole or in part. PageID 129-31. As the Appeals Council was "not in possession of [Plaintiff's]

prior file," it was therefore "unable to determine whether there is new and material evidence to support good cause reopening of the initial determination in the claimant's prior claim." *Id*.

Upon remand, a new ALJ was assigned to the case and instructed to:

> Obtain the claimant's prior file, and review the prior file and current file to determine whether good cause exists to reopen the initial [June 2003] determination made on the claimant's prior application and allow the establishment of a closed period of disability and payment of disability insurance benefits. If good cause is shown to reopen the initial determination on the prior claim, and a closed period of disability is awarded extending the claimant's date last insured, the Administrative Law Judge will consider whether the evidence supports a second period of disability as alleged.

*Id.*  Aside from reviewing the prior file, the assigned ALJ was tasked with taking "any further action needed to complete the administrative record," and directed to "issue a new decision" regarding Plaintiff's claim.  PageID 131.

### C. ALJ Redmond's Decision Pursuant to the Remand Order

Pursuant to the Appeals Council's Remand Order, ALJ David Redmond ("ALJ Redmond" or "the ALJ") held an administrative hearing on August 3, 2011.  PageID 84-100. ALJ Redmond issued a written decision on September 22, 2011.  PageID 41-50.  Having reviewed the record in its entirety, the ALJ found Plaintiff not disabled prior to her date last insured.  PageID 49.  ALJ Redmond did not specifically address whether or not Plaintiff had presented "good cause" for reopening the June 2003 decision, but instead, found that Plaintiff had not been disabled at any time prior to December 31, 2005, the date her insured status expired.[3]  *See* PageID 42-51.  Because this finding would not allow Plaintiff to receive DIB,

---

[3] Because DIB coverage is premised on the recency of work, disability coverage is time limited. It ends with the "date last insured."  20 C.F.R. § 404.101(a).  This means that individuals who seek DIB must establish that their disabling condition began on or before the last day they were insured for disability purposes.  *Id.* § 404.131.  If disability is not established prior to the date last insured, then the individual is not eligible for DIB payments.  *Id.*

-4-

even if she became disabled after her date last insured, ALJ Redmond did not consider a second period of disability.  PageID 49.  Specifically, the ALJ's findings were as follows:

1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2005;

2.  The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 18, 2001, through her date last insured of December 31, 2005 (20 C.F.R. § 404.1571, *et seq.*);

3.  Through the date last insured, the claimant had the following severe impairments: degenerative joint disease of the cervical spine, residuals of surgery to the right foot, and residuals of fracture and ORIF of the right ankle (20 C.F.R. § 404.1520(c));

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526);

5.  After careful consideration of the entire record, the [ALJ] finds that, through the date last insured, the claimant had the residual functional capacity [("RFC")][4] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she was limited to performing simple tasks featuring a minimal degree of personal contact in the workplace and no production quotas;[5]

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565);

7.  The claimant was born on December 3, 1960, and was 45 years old, which defined her as a younger individual, age 45-49, on the date last insured (20 C.F.R. § 404.1563);

---

[4] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain. 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. §§ 404.1545(b), (c), and (d).

[5] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *Id.* § 404.1567(a).

8.    The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564);

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules [("the Grid")] as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10.   Through the dated last insured, considering the claimant's age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569 and 404.1569(a));

11.   The claimant was not under a disability, as defined in the Social Security Act, at any time from January 18, 2001, the alleged onset date, through December 31, 2005, the date last insured (20 C.F.R. § 404.1520(g)).

PageID 43-49.

Thereafter, the Appeals Council denied Plaintiff's request for review, stating: "The Appeals Council notes the representative's request that the [ALJ] consider whether good cause exists to reopen the June 2003 initial determination denying the claimant benefits. However, because the [ALJ's] decision is unfavorable to the claimant, reopening of that determination is a moot point."  PageID 33.  The Appeals Council's refusal to review the decision made ALJ Redmond's non-disability finding the final administrative decision of the Commissioner.  PageID 32-35; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## II.

Based upon this procedural history, Plaintiff, by and through counsel, raises two procedural errors on appeal.  First, Plaintiff argues that ALJ Redmond was obligated to adopt

ALJ Bruning's RFC finding pursuant to Acquiescence Ruling ("AR") 98-4(6) and the Sixth Circuit's decision in *Drummond v. Comm'r of Soc. Sec.*, 136 F.3d 837 (6th Cir. 1997).  Second, Plaintiff argues that ALJ Redmond failed to follow the Appeals Council's Remand Order when issuing his decision.  These arguments are addressed in turn.

### A.  AR 98-4(6) and *Drummond*

AR 98-4(6), issued by the Commissioner following the Sixth Circuit's ruling in *Drummond*, mandates that an ALJ must adopt a prior assessment of a claimant's RFC from a "final decision by an [ALJ] or the Appeals Council," absent new and additional evidence or changed circumstances.  AR 98-4(6), 1998 WL 283902, at *3.  Contrary to Plaintiff's reasoning, *Drummond* applies only to final decisions issued by the Commissioner, and does not apply when decisions have yet to become administratively final.  *See Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 570 (6th Cir. 2003) (holding that *Drummond* applies to final decisions and holding that "[t]he only final decision in this case is the . . . decision which is now before this Court.  All other decisions relevant to [plaintiff's claim] never became final as they were vacated pursuant to remand[] for further proceedings").  An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings.  *Id.*; *see Duda v. Sec'y of H.H.S.*, 834 F.2d 554, 555 (6th Cir. 1987) (concluding that a Remand Order is not a final decision by the Commissioner); *see also Anderson v. Astrue*, No. 2:07-cv-140, 2009 WL 32935, at *3-4 (E.D. Tenn. Jan. 6, 2009) (citing *Wireman* for the proposition that a prior decision, vacated by the Appeals Council, does not constitute a final decision binding on the subsequent ALJ under *Drummond*).

In this case, the Appeals Council vacated ALJ Bruning's decision and remanded the matter for reconsideration of the evidence and issuance of a new decision.  PageID 129-31.  The Appeals Council had the discretion "to state in its [R]emand [O]rder that it concurs with specific findings and conclusions, or agrees generally with portions of the decisional analysis [undertaken by ALJ Bruning]."  *Social Security Hearings, Appeals, and Litigation Law Manual* ("HALLEX") § I-3-7-1 (2005) (advising that "[i]f the ALJ's decision is partially favorable and the Council agrees with the favorable conclusion on entitlement but not the entire decision, the Council will issue a combined Affirmation/Remand Order").  The Appeals Council chose not to exercise such discretion, and instead found that ALJ Redmond should revisit the case and "issue a new decision."  PageID 131.  As a result of the Appeals Council's Order vacating and remanding the matter, neither ALJ Bruning's decision, nor any of the findings contained therein, became "final" and binding on ALJ Redmond pursuant to *Drummond*.  *See Williams v. Astrue*, No. 3:10-cv-2354, 2012 WL 892544, at *6 (S.D. Ohio Mar. 14, 2012) (finding that *Drummond* did not apply, as it is "axiomatic that a decision vacated by the Appeals Council has no *res judicata* effect").  As such, Plaintiff's first assignment of error is without merit.

### B. The Appeals Council's Remand Order

Plaintiff next contends that ALJ Redmond committed reversible error when he failed to follow the mandate of the Appeals Council's Remand Order.

There is disagreement amongst Federal Courts as to whether an ALJ's failure to follow an Appeals Council directive may serve as an independent grounds for reversal absent other error.  *Compare Miller v. Barnhart*, 175 F. App'x 952, 956 (10th Cir. 2006) (holding that because "the Appeals Council found [] the ALJ complied with its [R]emand [O]rder . . . [i]t is appropriate to

examine the Commissioner's final decision under our usual standards, rather than focusing on conformance with particular terms of the [R]emand [O]rder"); *Brown v. Comm'r of Soc. Sec.*, No. 1:08-cv-183, 2009 WL 465708, at *5 (W.D. Mich. Feb. 24, 2009) (finding plaintiff's appeal, based upon the Appeals Council's Remand Order, "inappropriate, because it seeks to have [the] court review an internal agency matter"); *with Huddleston v. Astrue*, 826 F. Supp. 2d 942, 954-55 (S.D. W. Va. 2011) (citing conflicting case law, but ultimately holding that "an ALJ's failure to follow the directives of [a] [R]emand [O]rder issued by the Appeals Council constitutes legal error" that may necessitate remand); *Salvati v. Astrue*, 2010 WL 546490 (E.D. Tenn. Feb. 10, 2010) (finding an ALJ's failure to follow the dictates of the Appeals Council's Remand Order is an error necessitating remand).  The Sixth Circuit has not yet had the opportunity to address this issue.  For purposes of this analysis, the Court assumes, without deciding, that such error may serve as an independent ground for reversal, and the Court thus has jurisdiction to consider this question.

Assuming such, the undersigned is satisfied that ALJ Redmond met the directives of the Appeals Council Remand Order.[6]  As noted above, the Appeals Council vacated ALJ Bruning's decision, and directed ALJ Redmond to "take any further action needed to complete the administrative record and issue a new decision."  PageID 131.  On remand, the Appeals Council required ALJ Redmond (1) to obtain Plaintiff's file, and review it to determine whether good cause existed to reopen the initial (June 2003) determination and allow the establishment of a closed period of disability; and (2) if good cause was shown to reopen the initial determination

---

[6] Notably, as discussed above, the Appeals Council chose to deny Plaintiff's request for review of ALJ Redmond's decision, and adopted his findings as its final decision.  PageID 32-35.

on the prior claim, and a closed period of disability awarded, ALJ Redmond was to review whether or not a second period of disability was warranted.  PageID 130.

Examination of the record and the administrative decision reveal that ALJ Redmond did not commit procedural error in responding to the Appeals Council's remand directives. Although ALJ Redmond did not conduct a specific "good cause" analysis, he considered the full record, including all evidence relating to Plaintiff's condition from her alleged onset date -- January 18, 2001 -- forward.  PageID 41.  In doing so, ALJ Redmond's review of the record in its entirety, including the portions relating to the previous June 2003 decision, essentially functioned as a constructive reopening of the June 2003 determination.  This was the equivalent of any substantive review ALJ Redmond would have made in an affirmative finding that "good cause" existed to reopen the record.  *See* 20 C.F.R. § 404.988.  As such, ALJ Redmond held: "Because the claimant is found not disabled through the date last insured, there is no longer an issue concerning the possible reopening of a prior adverse determination."  PageID 49.  A reopening of the prior decision was only required had ALJ Redmond determined that Plaintiff was entitled to an award of a closed period of benefits.  PageID 130.  Finding that she was not so entitled, ALJ Redmond correctly concluded that reopening the 2003 decision was unnecessary.  *See* 20 C.F.R. § 404.977(b) ("On remand, an ALJ shall take any action that was ordered by the Appeals Council, and may also take any additional action that is not inconsistent with the [Remand Order]").

Moreover, ALJ Redmond need not have determined whether or not Plaintiff was entitled to a second period of disability benefits because he found that the evidence did not support a closed period of disability in connection with a much broader period than that covered by

-10-

Plaintiff's initial application.  PageID 49.  ALJ Redmond was only to consider a second period of

benefits if he found a closed period of disability should be awarded, thus extending Plaintiff's

date last insured.  PageID 130.  Having found that Plaintiff was not disabled at any period from

January 18, 2001 through her date last insured, ALJ Redmond reasonably did not need to

consider a second period of disability benefits.  This determination is not inconsistent with the

Appeals Council's Remand Order, which provided that if "a closed period of disability is

awarded extending the claimant's date last insured, the [ALJ] will consider whether the evidence

supports a second period of disability as alleged."  *Id*.  In sum, it was reasonable for him to

review the record in this manner.  Finding that a closed period of disability benefits was not

appropriate, ALJ Redmond rightfully did not consider a second period of benefits beginning in

2007.  PageID 46.

### III.

The Court next turns to the merits of ALJ Redmond's non-disability analysis.  To the

extent Plaintiff makes a general assertion -- that the ALJ's non-disability finding is unsupported

by substantial evidence -- that argument is without merit.  The Court's inquiry on a Social

Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by

substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C.

§ 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing

this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359,

362 (6th Cir. 1978).  Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed,

even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, there is a "'zone of choice' within which the Commissioner can act without the fear of court interference." *Id.* at 773. Having reviewed the record in its entirety, the Court finds ALJ Redmond's non-disability determination is supported by substantial evidence.

Plaintiff has a history of a right foot impairment. PageID 43. She underwent surgery on her right foot on October 25, 2002. PageID 430. Follow-up notes to this surgery demonstrated that Plaintiff's foot condition improved significantly, and just three months later, on January 13, 2003, her surgeon reported that her right food had "improved from the surgery" and Plaintiff "[was] not working at this point, as per her choice." PageID 450. She was instructed to return for care on an "as-needed basis." *Id.* Following this period of improvement, Plaintiff fractured her right ankle after stepping out of a moving vehicle while intoxicated on March 10, 2003. PageID 49. She underwent surgery for that injury the same month. PageID 528. After surgery, Plaintiff reported some complaints of pain, but she did not attend prescribed physical therapy, and did not report restrictions in ambulation. PageID 557-59. Nor did Plaintiff's treating physician's records contain complaints that Plaintiff had further pain -- until approximately January 2005. PageID 47-48, 666-782. In early 2005, Plaintiff underwent a procedure removing screws in her foot from the previous surgery. PageID 632. She experienced considerable improvement from this procedure and on October 20, 2005, her treating physician reported that she was "doing great" following surgery. PageID 642.

Given Plaintiff's medical history, ALJ Redmond determined that she retained the RFC to perform sedentary work, "except that she was limited to performing simple tasks featuring a

minimal degree of personal contact in the workplace and no production quotas."  PageID 46.  In reaching this determination, ALJ Redmond reasonably found that, although Plaintiff's impairments presented difficulty, they "did not preclude effective ambulation for any consecutive 12-month period through the date last insured."  PageID 45.  He also reasonably found that, given her history of foot and ankle pain, Plaintiff was "limited in her ability to perform prolonged standing and walking."  PageID 47.  The ALJ acknowledged that Plaintiff appeared at the hearing with an ambulatory aid, but the record demonstrated that "no prescription for such a device was given to [her]."  *Id.*  The ALJ reasoned, and the Court agrees, that the record contains no treating source or other opinion purporting to establish a condition of disability through December 31, 2005, Plaintiff's date last insured.  PageID 48.

Moreover, on appeal, Plaintiff has failed to articulate any substantive challenge to ALJ Redmond's assessment of the relevant medical evidence and RFC finding, aside from asserting that ALJ Bruning's findings should have been adopted by ALJ Redmond.  Doc. 8 at PageID 1310-15.  The ALJ correctly applied the legal criteria at issue and found that Plaintiff's RFC "is supported by the objective and clinical findings of record, including the frequency and conservative nature of treatment received through the date last insured."  PageID 49.  The Court agrees, and finds the ALJ's analysis of the five-step sequential disability analysis -- leading here to a finding of non-disability -- supported by substantial evidence.  *See* 20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).

**IV.**

It is not the Court's role to sift through the facts and make a *de novo* determination

regarding a claimant's alleged disability status. The ALJ, not the Court, is the finder of fact.

*Siterlet*, 823 F.2d at 920.  If substantial evidence supports the ALJ's resolution of the disputed

facts, the Court must affirm the ALJ even if the Court might have resolved the disputed facts in

Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir.

1987). The Court finds the ALJ's non-disability finding was within the reasonable "zone of

choice," which merits affirmance in this particular instance. *Buxton*, 246 F.3d at 773.

**IT IS THEREFORE RECOMMENDED THAT:**

1.    The Commissioner's non-disability finding be found supported by
       substantial evidence, and **AFFIRMED**; and

2.    This case be **CLOSED** on the Court's docket.


February 7, 2014                                              s/Michael J. Newman
                                                          United States Magistrate Judge

-14-

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).