UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KELLY KEARNEY,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendants.

Case No.  3:13-cv-021

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ENTRY AND ORDER OVERRULING KEARNEY'S OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN ITS ENTIRETY; AFFIRMING THE ALJ'S DETERMINATION THAT KEARNEY WAS NOT DISABLED AND TERMINATING THIS CASE**

---

Kelly Kearney ("Kearney") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On February 7, 2014, United States Magistrate Judge Michael J. Newman entered a Report and Recommendation (doc. #14) recommending that the Commissioner's decision that Kearney was not disabled be affirmed. Kearney subsequently filed objections (doc. #16) and the Commissioner responded to Kearney's Objections (doc. #17). This matter is, therefore, ripe for decision.

Kearney sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") benefits in April of 2003. Kearney claimed that she had been disabled since March 10, 2003, due to an ankle injury. This application was denied on

June 26, 2003, and Kearney did not request reconsideration. Kearney then filed a second application for DIB on June 8, 2007. In the second application, Kearney claimed that she had been under a disability since January 18, 2001, due to a right-foot impairment, ankle injury and a diagnosis of cancer.

The Commissioner denied Kearney's application initially and on reconsideration. On January 20, 2010, Administrative Law Judge ("ALJ") Janice Bruning ("Bruning") held a hearing following which she determined that Kearney was entitled to a closed period of disability benefits from January 18, 2001 through October 31, 2005, but not thereafter.

In April of 2010, the Social Security Office of Central Operations informed the Commissioner that the closed period of benefits awarded by ALJ Bruning could not be paid to Kearney because Kearney's prior claim (filed in April 2003) was denied and not appealed. The Office of Central Operations suggested that ALJ Bruning's decision be reopened and that an award of benefits be denied.

On July 9, 2010, the Social Security Appeals Council found that, because Kearney's request to reopen the claim filed in April of 2003 was not considered in ALJ Bruning's decision, ALJ Bruning's decision was vacated and the matter was remanded for further analysis. Upon remand, ALJ David Redmond ("Redmond") conducted a hearing following which he found that Kearney was not disabled prior to the date her insured status expired. Thereafter, the Appeals Council denied Kearney's request for review and ALJ Redmond's decision became the Commissioner's final decision. Kearney then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the

District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in Kearney's Objections (doc. #16) and the Commissioner's Response (doc. #17), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Kearney was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939). Thus, the Commissioner has a "zone of choice" within which he or she can act without the fear of interference from the court. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal

even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Kearney's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED. The Commissioner's decision that Kearney was not disabled is AFFIRMED.  Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Seventeenth Day of March, 2014.

                                                      **s/Thomas M. Rose**
                                            _____
                                                     THOMAS M. ROSE
                                   UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record